### 15410. ALTMAN *v.* THE STATE.

1. Errors in the charge of the court favorable to the accused afford him no cause for a new trial.
2. Refusal of a request to charge not adjusted to the evidence was not error.
3. The evidence authorized the verdict, and no reversible error appears.

DECIDED OCTOBER 7, 1924.

Accusation of assault and battery; from city court of Baxley— Judge Speer. January 26, 1924.

*V. E. Padgett,* for plaintiff in error.

LUKE, J. Altman was convicted of assault and battery, alleged to have been committed upon one Varnadore. There was evidence tending to show that unknown persons threw rocks or pieces of wood against Varnadore's dwelling house, while occupied by him, his family, and a guest, at night, and that he thereupon seized his gun and shot at persons seen running away, thereby wounding Altman's son. A few minutes later Altman entered the same habitation, abruptly asking why the family was sitting up so late, who had shot his son, and what Varnadore meant by holding a gun in his hand, and presently drew a pistol from his own pocket. Upon Varnadore's statement that he had shot only at those who had stoned his house and ran, not knowing at whom he was shooting, Altman struck him in the face and otherwise assaulted and beat him in his own house. There was some conflict in the testimony as to whether Varnadore still held the gun in his hand when Alt-

man entered, or whether he started for it immediately upon seeing Altman enter and hearing him ask the questions above indicated. In his statement to the jury Altman contended that his son came home wounded and claiming to have been shot by Varnadore, and not to know why he was shot; that he (Altman) thereupon went to Varnadore's house for the sole purpose of learning why his son had been shot; that when he entered and began questioning the family, Varnadore, without a word, started to draw his gun from its rack on the wall; and that, believing that Varnadore's purpose was to shoot him, he struck Varnadore and knocked him away from his gun.

The defendant requested the court to charge: "If you find from the evidence in this case that Andrew Varnadore, the person alleged to have been assaulted, was making an effort to arm himself with a deadly weapon, under circumstances that might excite the fears of a reasonably courageous man, and that the defendant struck or slapped the said Andrew Varnadore to prevent him from arming himself under such circumstances, then the defendant would not be guilty." The court refused to give the requested charge, but did charge: "On a peaceful mission the defendant would have the right to slap the prosecutor, or alleged victim, to prevent him from arming himself with a deadly weapon. A man has a right to use his gun in defense of his habitation." In the motion for a new trial error is assigned upon both parts of the charge given and on the refusal to give the requested charge. Exception is taken to the judgment overruling the motion. The requested charge was not adjusted to the evidence, in that it totally ignored the hypothesis that Altman may have manifestly intended and endeavored, in a riotous and tumultuous manner, to enter Varnadore's habitation for the purpose of assaulting him or of offering personal violence to some person therein. The charge given, while very meager, is adjusted to the evidence, and is not subject to any of the criticisms urged against it. In so far as erroneous, it is more favorable to the accused than he had a right to demand, and such errors can in no event afford him cause for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*